IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAREYAN COOKS,
    Plaintiff,

vs.                         3:08cv85/LAC/MD

D. ELLIS, et al.
    Defendants.

**ORDER and**
**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate in the custody of the Florida Department of Corrections proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* in the Middle District of Florida. The case was transferred to this district and referred to the undersigned for consideration. Upon review of the plaintiff's complaint, applicable statutes and controlling case law, as well as court records from this court and the Middle District of Florida, the court finds that this complaint is subject to summary dismissal.

    Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner

who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice of the fact that in the Northern District of Florida, plaintiff has had the following two cases dismissed as frivolous, malicious, or for failure to state a claim: Case 3:07cv192, which was dismissed on August 10, 2007 as malicious, and case 4:02cv423, which was dismissed on September 25, 2007 for failure to state a claim.

In the Middle District of Florida, case 3:03cv701 was dismissed on September 2, 2003 pursuant to 1915(e)(2)(B). In addition, although not specifically identified as "strikes," two cases plaintiff filed in the Middle District were dismissed for his failure to identify previous cases, which is tantamount to a dismissal as malicious.[1] Finally, one additional case was dismissed in the Middle District for plaintiff's failure to exhaust his administrative remedies, which is tantamount to a dismissal for failure to state a claim.[2] *See Jones v. Bock*, --- U.S. ---, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007) (if the allegations show that relief is barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim); abrogating *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citation omitted) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.")

Plaintiff must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.* In this case, plaintiff seeks to expunge two allegedly false DRs, restore lost gain time, return to the general population, and obtain dental care. Even if plaintiff's complaint is construed as properly arising under § 1983 rather than §

---

[1] Case 3:02cv773 was dismissed on August 23, 2002 as malicious, and Case 3:01cv826 was dismissed on August 9, 2001 as malicious.

[2] Case 3:01cv1062 was dismissed on September 24, 2001.

*Case No: 3:08cv85/MCR/MD*

2254, clearly his allegations do not suggest that he is under imminent danger of serious injury and do not entitle him to avoid the bar of § 1915(g) and proceed *in forma pauperis* in this case.  A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).  Therefore, this action should be dismissed without prejudice.  Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* is DENIED.

And it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 11th day of March, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).